```
                                                          202

 1                   UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF NEW YORK
 2
     - - - - - - - - - - - - - - - - - - - X
 3
     UNITED STATES OF AMERICA,          :    08-CR-240
 4
                   v.                   :    U.S. Courthouse
 5                                           Brooklyn, New York
     THOMAS GIOELI and                  :
 6   DINO SARACINO,                     :
                                             March 20, 2012
 7                 Defendants.          :    9:45 o'clock a.m.

 8   - - - - - - - - - - - - - - - - - - - X

 9
                        TRANSCRIPT OF TRIAL
10                BEFORE THE HONORABLE BRIAN M. COGAN
                UNITED STATES DISTRICT JUDGE, and a jury.
11
     APPEARANCES:
12
     For the Government:              LORETTA E. LYNCH
13                                    United States Attorney
                                      By: ELIZABETH GEDDES
14                                        CRISTINA POSA
                                          JAMES GATTA
15                                    Assistant U.S. Attorneys
                                      271 Cadman Plaza East
16                                    Brooklyn, New York 11201

17   For the Defendant Gioeli:        ADAM PERLMUTTER, ESQ.
                                      CARL HERMAN, ESQ.
18                                    DANIEL McGUINNESS, ESQ.

19   For the Defendant Saracino:      SAM BRAVERMAN, ESQ.
                                      LOUIS FASULO, ESQ.
20                                    HEATHER BERGER, ESQ.

21

22   Court Reporter:                  Anthony M. Mancuso
                                      225 Cadman Plaza East
23                                    Brooklyn, New York 11201
                                      (718) 613-2419
24
     Proceedings recorded by mechanical stenography, transcript
25   produced by CAT.


              ANTHONY M. MANCUSO,   CSR   OFFICIAL COURT REPORTER
```

209

1        MS. POSA:  Yes, they do.

2        THE COURT:  All right.

3        MS. POSA:  I just wanted to clarify one thing,
4   though, in Mr. Saracino's letter.  He states that the jury has
5   a right to know what sentence was recommended by the
6   government, as if the sentence were in fact a benefit from the
7   government.  In his 122-page 5K letter, there's no
8   recommendation of sentence.

9        THE COURT:  I read your letter, and I agree
10  Mr. Braverman's opening to the jury was misleading.  It made
11  it sound like the government either dictated the sentence or
12  recommended it in a way that made it likely to be accepted.
13  And in my experience, I have never, though I've tried, been
14  able to get a recommendation from the government as to what a
15  cooperator's sentence should be.  All they do is, they put the
16  facts of the cooperation in front of me, and then it's
17  entirely up to me.

18       MR. BRAVERMAN:  Three things on that subject, your
19  Honor.  One is, I haven't the experience that everybody else
20  has.  I've never seen a 122-page letter, and I have not even
21  read this one, so I don't know exactly what it recommends.
22  But the fact that it is 122 pages makes it approximately sixty
23  times as long as any other 5K letter I myself have seen in a
24. case, and I have a bunch of people time served.  There is
25  something good about this letter.  There is the ultimate

```
                                                              210
```

1  prosecutorial letter.

2  THE COURT: There's something good about every 5K1
3  letter. The point is, it's not the government that makes the
4  sentence.

5  Here's what I will do. I'm going to let you do
6  this, but I'm going to give the jury an instruction along the
7  lines that I just said, which is, the government does not
8  suggest what the sentence should be. They certainly do not
9  dictate what the sentence should be. It is entirely up to the
10 Court to determine the sentence. All the government does is
11 supply a 5K1 letter that describes the cooperation, and the
12 Court considers that along with a number of other factors set
13 forth in the law and determines the appropriate sentence
14 solely in its discretion without a suggestion as to what the
15 sentence should be from the government.

16 Do you want that instruction?

17 MR. BRAVERMAN: That's fine.

18 MR. FASULO: I'm sorry, your Honor.

19 MR. BRAVERMAN: We get back to the other issue.

20 MR. FASULO: I understand that instruction. But
21 also with that instruction, Judge, is the except factor, and
22 the except factor is if in fact the witness doesn't get the 5K
23 letter, the government does in some degree control the
24 parameters of the sentencing of the defendant.

25 THE COURT: That's just wrong.

211

1    MR. FASULO:  The 5K letter is given under the
2 understanding you're not going to go ahead with the death
3 penalty, we're not going to do this.
4    THE COURT:  The death penalty seeking is a different
5 issue.  That's the government's prerogative, and you are
6 correct, and you can bring that out.  No one is talking about
7 that.  In terms of what the sentence should be, that is
8 entirely up to the Court, not the government.
9    MR. FASULO:  I understand that, Judge.
10   THE COURT:  So, you want to bring this out and you
11 want me to give that instruction?
12   MR. FASULO:  As to Vitale --
13   THE COURT:  You've got to bring it out with Vitale,
14 because he's the only one with the actual knowledge of what
15 his sentence was.  You can ask him the one question, What was
16 your sentence?, and then you leave it at that, because it
17 doesn't go to his credibility anymore.  It's just foundation
18 for what you're going to ask the other witnesses.
19   MR. FASULO:  That is, at least from the Saracino
20 team, our intent, that single question.
21   THE COURT:  As to the other witnesses, you can ask
22 them were they aware.  What you cannot do is ask them, every
23 possible cooperator, were they aware.  You cannot ask them
24 about Gravano or Furtado or those people.  You can say, Are
25 you generally aware that people who get 5K1 letters from the

ANTHONY M. MANCUSO,  CSR  OFFICIAL COURT REPORTER

1  courthouse and you pled guilty to 11 murders; is that right?
2  A     True.
3  Q     And how much time in jail in total did you do for those
4  crimes?
5              MS. POSA:  Your Honor --
6              THE COURT:  Do you want the instruction now?
7              MS. POSA: Yes.
8              THE COURT: Let's have the answer first.
9  A     With my total time, good time, or just incarcerated time.
10 You are entitled to your good time.
11 Q     Okay.  Let me try this question.
12 A     Go ahead.
13 Q     How much time were you actually inside a jail?
14 A     Seven years eight months.
15             THE COURT: Ladies and gentlemen, let me explain to
16 you a little bit about how federal sentencing works,
17 particularly with regard to cooperating witnesses.
18             When someone cooperates with the government the
19 government does not determine what sentence they are going to
20 get.  Nor does the government make a recommendation to the
21 sentencing judge as to how much time they're going to get.
22             What the government will do, if it is satisfied with
23 the level of cooperation, is write to the sentencing judge
24 what is known as a 5k1 letter. That sets forth the nature of
25 the crimes that the defendant has committed and all the

Vitale - cross/ Herman                                    328

1  cooperation that the defendant has undertaken. The judge takes
2  that letter, together with a lot of other information about
3  the defendant and all of the crimes that he's committed, and
4  it is the judge exclusively that decides upon the appropriate
5  sentence; not the government.
6          So all that a cooperating witness gets from the
7  government, if the government is satisfied with their
8  cooperation, is this 5k1 letter.
9          I won't tell you that the 5k1 letters aren't
10 important to sentencing judges, they generally are, but it is
11 the judge's decision and only the judge's decision as to what
12 the sentence should be.
13         MR. HERMAN:    Thank you, Your Honor.
14 Q    In fact, Mr. Vitale, is what Judge Cogan has just
15 described, is that what happened with your case?
16 A    True.
17 Q    Now, when did you plead guilty to those charges?
18 A    The date that I pleaded guilty?
19 Q    Yes.
20 A    I don't remember the date, but it was early 03.
21 Q    Was it in January '03?
22 A    Before January '03?
23 Q    No, during January of 03?
24 A    Yeah, February, January, February.
25 Q    Early 2003?