UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

UNITED STATES OF AMERICA,            :

        -against-                         :        10 Cr. 147 (S-4) (SLT)

FRANCIS GUERRA, et al.,              :

        Defendants.                        :

------------------------------------------------------x


**DEFENDANT GUERRA'S MEMORANDUM OF LAW
IN OPPOSITION TO THE GOVERNMENT'S MOTION
TO ADMIT EVIDENCE OF UNCHARGED CRIMES**


Gerald J. McMahon, Esq.
*Attorney for Defendant Francis Guerra*
The Standard Oil Building
26 Broadway, 18th Floor
New York, New York 10004

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA,                :

       -against-                                  :        10 Cr. 147 (S-4) (SLT)

FRANCIS GUERRA, et al.,                  :

            Defendants.           :

-------------------------------------------------------x

### DEFENDANT GUERRA'S MEMORANDUM OF LAW IN OPPOSITION TO THE GOVERNMENT'S MOTION TO ADMIT EVIDENCE OF UNCHARGED CRIMES

#### Introduction

Defendant Francis Guerra submits this memorandum of law in opposition to the government's motion *in limine*, by memorandum of law filed on May 8, 2012 ("Govt. Br."), to introduce evidence of alleged other crimes involving defendant Guerra. The government seeks to admit evidence relating to: (1) the murder of Steven Mancusi; (2) participation in the "Colombo Family War" murder conspiracy; (3) accessory after the fact to the murder of John Sparacino; (4) conspiracy to murder Benny Geritano; (5) conspiracy to murder "the Clemenzas"; (6) loansharking; (7) extortion; (8) bank burglaries; (9) attempted assault; and (10) illegal gambling.

The sheer volume of uncharged crimes alleged in the government's motion, filed less than 30 days before the start of trial, mandates its denial. Given the massive amount of material (tens of thousands of pages of documents and hundreds of hours of tape recordings) the defense has been required to review in connection with the **charged crimes,** it is unconscionable to ask counsel to investigate these uncharged acts and attempt to defend them. Moreover, the government has failed to meet its burden of showing the relevance of the uncharged acts; it does no more than make generalized pronouncements that the evidence is admissible for various purposes, *e.g.*, to show knowledge, intent, absence of mistake, background, relationship of trust between the conspirators, and the structure of the enterprise.

What is certain is that the uncharged crimes are cumulative of the charged offenses and unnecessary to resolve any disputed issues. Some acts are quite remote and others are purely sensational. The common thread between them is that they are all offered for the improper purpose of establishing defendant Guerra's propensity for violence. They will divert the jurors from considering the strength of the government's case on the acts charged in the indictment and Mr. Guerra's defenses to those charges. They will also require mini trials within the trial, with attendant delay in what is already a lengthy complex case. Finally, the number of uncharged acts will substantially increase the danger of jury confusion.

The government's motion should be denied.

## ARGUMENT

The Court is well-aware of the general legal principles cited in the government's motion. The government stresses, as always, that the Second Circuit has taken an

inclusionary approach to Rule 404(b). The Court of Appeals has also stated, however, that "[t]here is no presumption that other-crime evidence is relevant." *United States v. DeVaughn*, 601 F.2d 42, 45 (2d Cir. 1979); accord *United States v. Mohel*, 604 F.2d 748, 751 (2d Cir. 1979).

This Court is also aware of its broad discretion to exclude evidence, even relevant evidence. Whether uncharged crimes constitute direct proof of the charged crimes or are admissible for a proper purpose under Fed.R.Evid. 404(b), the evidence may nonetheless be excluded if its probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury and undue delay." Fed.R.Evid. 403. *United States v. Gilan*, 967 F.2d 776, 782 (2d Cir. 1992). "Relevance and prejudice under Rules 401 and 403 are determined in the context of the facts and arguments in a particular case, and thus are generally not amenable to broad *per se* rules." *Sprint/United Management Company v. Mendelsohn*, 128 S.Ct. 1140, 1147 (2008). The Court must engage in "a fact-intensive, context-specific inquiry." *Id.*

In this case, where defendant Guerra has to defend against charged charges including two murders and two extortions – unquestionably crimes of serious violence – the government now seeks to introduce evidence of uncharged crimes including murder, murder conspiracy, additional extortions and loansharking. Such new and additional evidence of violence would unquestionably create a substantial risk that the jury would convict defendant Guerra on an unfair basis, namely "generalizing a defendant's prior bad acts into bad character." *United States v. McCallum*, 584 F.3d 471, 476 (2d Cir. 2009). In the Commentary

3

to the Notes of Advisory Committee on Rules, evidence professors Saltzburg, Capra and Martin wrote:

> Under the Rule 403 test, evidence in a criminal case of serious uncharged criminal activity must be examined very carefully. The more heinous the other acts by a defendant, the more likely the jury is to misuse the evidence and treat the defendant as a generally bad person, something the Rule does not permit. Also, the more similar the bad act is to the act charged, the more likely the jury is to draw the impermissible inference that the defendant has a propensity to commit such acts.

Caselaw reinforces the principle that trial judges must be vigilant to ensure that other crimes evidence doesn't lead to a conviction because of propensity. In *United States v. Gordon*, 987 F.2d 902 (2d Cir. 1993), the district court allowed the government to introduce at defendant's trial for importation/distribution of cocaine the uncharged crime that he had previously possessed crack cocaine. In reversing the conviction, the Court of Appeals stated:

> We conclude (a) that Gordon's possession 16 months earlier of a modest amount of crack and a triple-beam scale had so little value to prove his knowledge that Ghullkie, whom he had met only recently, was importing a large amount of cocaine and marihuana that it was inadmissible under Rule 404(b)...

*Id.* 909. See also *DeVaughn*, 601 F.2d at 45-47 (conviction of heroin possession with intent to distribute reversed because of admission of evidence of possession of heroin on a different date). In *United States v. Miller*, 641 F.Supp.2d 161, 164 (E.D.N.Y. 2009), the defendant was charged with, *inter alia*, use of a passport secured by a false statement and, prior to his trial, he moved to exclude evidence of his admission to prior passport fraud. Despite finding that the prior criminal conduct was relevant on the issue of motive, the district court excluded it:

> Even if evidence of the 1996 passport fraud is relevant to motive, the

> probative value of that evidence must be balanced against "the danger of unfair prejudice [...] " Fed.R.Evid. 403. The term "unfair prejudice" as to a criminal defendant, "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). The defense contends that the defendant's prior bad act would likely cause the jury to determine defendant's guilt based on propensity. ... The government's response does not defeat this contention ...

*Miller*, 641 F.Supp.2d at 166.

In this case, if the jury were to hear evidence that defendant Guerra murdered Steven Mancusi, conspired to murder Benny Geritano and "the Clemenzas", and was an accessory after the fact to the murder of John Sparacino, they could not help but conclude that he had a propensity for violence – that it was in his character to commit that type of bad act. Such an inference is precisely the type of inference that a jury may **not** draw from any evidence, and to prevent that, the government's application should be denied.

5

## **CONCLUSION**

The government's motion *in limine* to admit evidence of uncharged crimes involving defendant Francis Guerra should be denied.

Dated: New York, New York
       May 24, 2012

                                        Gerald J. McMahon, Esq.
                                        *Attorney for Defendant Francis Guerra*
                                        The Standard Oil Building
                                        26 Broadway, 18th Floor
                                        New York, New York 10004
                                        212.797.1877
                                        212.797.1419 (fax)
                                        gm@geraldjmcmahon.com (email)

To:    All Counsel
        (by ecf)

doc55