**Gerald J. McMahon, Esq.**
The Standard Oil Building
26 Broadway, 18th Floor
New York, New York 10004
212.797.1877
gm@geraldjmcmahon.com

June 10, 2012

By ECF & Email

The Honorable Sandra L. Townes
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: United States v. Francis Guerra
    10 Cr. 147 (S-4) (SLT)

Dear Judge Townes:

  I write on behalf of defendant Frank Guerra ("defendant" or "Guerra") seeking the following relief.

1. Declaration of Mistrial Due to Pleas of Co-Defendants
   And Commencement of Trial with Non-Anonymous Jury

  When jury selection commenced on June 4, 2012, and continuing through the end of the day on Thursday, June 7th, there were three defendants on trial. The Court introduced all three defendants to various jury panels on at least three occasions. A summary of charges against all three defendants was part of the 51 page jury questionnaire, and the Court similarly described the nature of the charges on several occasions. On Friday last, co-defendants Michael and Theodore Persico pleaded guilty to various charges, including charges related to the Scopo murder (Theodore Persico). That event was noted in the newspapers.

  The fact that both co-defendants, charged with some of the same criminal conduct (including the Scopo murder) as defendant, "bailed out" and pleaded guilty after the trial started, creates an unfair and highly prejudicial impression that the charges in the indictment have an unquestioned validity. Defendant Guerra should not

The Honorable Sandra L. Townes
United States District Judge
June 10, 2012
Page Two


be made to suffer because of the poor timing of the plea negotiations between the government and the co-defendants.

      We do not seek, with the declaration of a mistrial, a lengthy or even short postponement of the trial. We ask only that the panel of 45 qualified jurors, who were introduced to Messrs. Persico all last week, be disbanded and that jury selection of a regular – not anonymous – jury commence immediately.  The request for a non-anonymous jury is based on the undeniable reality that the government's motion for such a jury was based on the fact that the son (Michael) and nephew (Theodore) of the alleged Boss of the Colombo Crime Famile, Carmine "Junior" Persico, were defendants in the case.

2. Order Excluding Certain Photographs of Decedent Michael Devine
      Evidence is "relevant" if it has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Evidence that is irrelevant is inadmissible. Fed.R.Evid. 402. In general, "the burden is on the proffering party to establish why a piece of evidence should be admitted. *Chamberlin v. Principi*, 2006 WL 647785, *1 at n.2 (S.D.N.Y. March 15, 2006); see *United States v. Pugliese*. 712 F.2d 1574, 1580 (2d Cir. 1983). In this case, the government is offering approximately 30 autopsy and crime scene photographs relating to the murder of Michael Devine. Defendant Guerra objects to only four: GX 53(a)-(c) and GX 55(d).

      In analyzing the admissibility of these photographs, we begin by noting that the defense will not be contesting the identity of Mr. Devine, the cause of his death, or the nature and extent of his injuries. The four photographs objected to would add nothing to the testimony of the officers who viewed the body at the crime scene or the medical examiner who performed the autopsy.

      Moreover, even assuming the government could show relevance with respect to the four contested photographs, the potential for prejudice mandates exclusion. See Fed.R.Evid. 403 (relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice ... or needless presentation of cumulative evidence"). Photographs of homicide victims strike a particularly intense emotional chord and carry a high risk of inflaming jurors. See *United States v. Salim*,

The Honorable Sandra L. Townes
United States District Judge
June 10, 2012
Page Three


189 F. Supp.2d 93, 98-99 (S.D.N.Y. 2002) (holding inadmissible post-operative photographs of the victim).

     We recognize that "[p]robative evidence is not inadmissible solely because it has a tendency to upset or disturb the trier of fact." *United States v. Salameh*, 152 F.3d 88, 123 (2d Cir. 1998). Nevertheless, because of the tendency of gory crime-scene and autopsy photographs to inflame jurors, such evidence should be precluded unless the government can establish that they have substantial probative value, such as 'help[ing] to resolve a disputed point at trial." *United States v. Velazquez*, 246 F.3d 204, 2011 (2d Cir. 2001). The government can make no such showing.

3. Order Excluding Mathew J. Mari Business Card
     The government intends to offer into evidence a business card of co-counsel Mathew J. Mari, recovered from the possession of cooperating witness Anthony Russo. GX 835(b). When asked by the undersigned to explain its relevance, the government could provide no such explanation. Because the business card has **no** probative value, and because the admission into evidence of Mr. Mari's business card would clearly confuse the jury and prejudice Mr. Guerra, it should be excluded under Fed.R.Evid. 402 and 403.

4. Order Exluding Evidence Pertaining To
   Defendant's Prior Conviction and Incarceration
     Even if Mr. Guerra does not take the stand in his own defense, the government has proffered that it will elicit testimony of his conviction in the Southern District and subsequent incarceration. The introduction of such evidence would clearly run afoul of Fed.R.Evid 404(a)(1) and should be precluded.


                               Very truly yours,

                               */s/ Gerald J. McMahon*

GJM:cw
cc: All Counsel (by ecf)
lt327a