

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

June 19, 2012

By ECF

The Honorable Sandra L. Townes
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Francis Guerra
            Criminal Docket No. 10-147 (SLT)

Dear Judge Townes:

    On June 6, 2012, an investigator for Theodore Persico, Jr., served a subpoena on Maritza "Mitzy" Medina, the girlfriend of Anthony Russo.  Although Theodore Persico, Jr., subsequently pleaded guilty, counsel for the defendant Francis Guerra has advised that he intends to subpoena Ms. Medina as well, but declined to advise the basis for calling Ms. Medina as witness.[1] The government respectfully submits this letter in support of its motion to preclude any testimony of Ms. Medina as irrelevant under Federal Rule of Evidence 401 and inadmissible under Federal Rule of Evidence 608(b).

    The government has no reason to believe that Ms. Medina observed any of the crimes charged or alleged as predicate acts against the defendant and at best would testify about the close relationship between Russo and the defendant, which tends to establish the defendant's role in the charged enterprise.[2]

---

    [1]    The government does not concede that the subpoena has been properly served on Ms. Medina.

    [2]    To the extent that Ms. Medina may have heard any self-serving exculpatory statements by the defendant (and the government has no reason to believe she has), it is, at best, inadmissible hearsay.  See Fed. R. Evid. 801(d)(2) (admissions by a defendant are admissible only by a party opponent, i.e., the

Assuming that the defendant does not seek to introduce testimony of the defendant's close association with Russo and in the absence of an offer of proof by defense counsel, the government submits that Ms. Medina's testimony fails the test for relevance under Federal Rule of Evidence 401.

To the extent that the defendant intends to use Ms. Medina in an attempt to impeach Anthony Russo's testimony, such testimony is also barred. Under Federal Rule of Evidence 608(b), while "[s]pecific instances" of Russo's conduct may be inquired into on cross-examination "if probative of truthfulness or untruthfulness," extrinsic evidence of such is not admissible. Fed. R. Evid. 608(b). Accordingly, the defendant may not elicit testimony from Ms. Medina in an attempt to further attack the credibility of Russo. See, e.g., United States v. Shoreline Motors, 413 Fed. Appx. 322, 329 (2d Cir. 2011) ("[W]e have recognized that cross-examination is generally the proper mechanism by which to test an adverse witness's credibility, and the use of extrinsic evidence to further pursue questions posed on cross-examination is generally not permitted." (citing United States v. Masino, 275 F.2d 129, 133 (2d Cir. 1960) ("When a witness is cross-examined for the purpose of destroying his credibility by proof of specific acts of misconduct not the subject of a conviction, the examiner must be content with the answer. The examiner may not, over objection, produce independent proof to show the falsity of such an answer.")).

      Respectfully submitted,

      LORETTA E. LYNCH
      United States Attorney

By: /s/_____
    Nicole M. Argentieri
    Rachel Nash
    Allon Lifshitz
    Assistant U.S. Attorneys

cc: Gerald J. McMahon, Esq. (by ECF)
    Matthew Mari, Esq. (by ECF)

---

government, not the defendant).