

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

NMA/RJN/AL

*271 Cadman Plaza East*

*Brooklyn, New York  11201*

June 22, 2012

**By ECF & Email**

The Honorable Sandra L. Townes
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Francis Guerra
     Criminal Docket No. 10-0147 (S-4)(SLT)

Dear Judge Townes:

  The government respectfully submits this letter to address the admissibility of consensual recordings it intends to offer in its case-in-chief next week.  Specifically, the government intends to introduce recordings made by cooperating witness Thomas McLaughlin of the defendant and Anthony Russo (prior to his cooperation).  Transcripts of the recordings are attached.  (Exhibits 700T, 703T, 704T, 705T, 706T and 707T).

I. <u>Legal Standard</u>

  The statements on these recordings fall into three general categories: (1) classic co-conspirator statements admissible pursuant to Federal Rule of Evidence 801(d)(2)(E), (2) statements of the defendant admissible pursuant to Rule 801(d)(2)(A), and (3) prior consistent statements of a witness admissible pursuant to Rule 801(d)(1)(B).  The government hereby incorporates by reference the discussion of the appropriate legal standards included in its letter of yesterday.

II. <u>The Recordings</u>

  A. <u>GX703T, 704T</u>

  The government respectfully submits that these recordings are admissible pursuant to Rule 801(d)(2)(A) as statements of the defendant, a party-opponent.  With regard to the statements contained in GX703T, the defendant was recorded discussing his possible induction into the Colombo family.  With regard to GX704T, the defendant was recorded admitting that he

monitored the John Pappa trial, along with Anthony Russo, and also that at different points, other individuals (including law enforcement) believed he was an inducted member of the Colombo family. These recordings are relevant because they prove the existence of the charged racketeering enterprise, the defendant's role in that enterprise and by acknowledging his interest in the Pappa trial, the defendant implicitly acknowledged his involvement in the Scopo murder (a charged racketeering predicate) with John Pappa.

    B.    <u>GX700T, 706T</u>

In GX700T, Anthony Russo (who was not yet cooperating with the government) was recorded discussing the different individuals he and the defendant have reported to in the Colombo family. These statements were made in furtherance of a conspiracy of which the defendant and Russo were a part, specifically the operation of Persico, Jr.'s crew within the Colombo family, because Russo is educating another Colombo family associate in Persico, Jr.'s crew about who he and the defendant will report to and who they respect within the Colombo family.

Similarly, in GX706T, Theodore Persico, Jr., the defendant's longtime criminal associate and captain, directed a Colombo family associate to put together a meeting of Persico, Jr.'s crew, which Persico, Jr., acknowledged included the defendant, Anthony Russo, Joseph Savarese and others. The statements are in furtherance of a criminal conspiracy of which the defendant and Persico, Jr., were a part, namely the operation of Persico, Jr.'s crew within the Colombo family.

Finally, both of these recordings are relevant to prove the existence of the charged racketeering enterprise and the defendant's participation in that enterprise, which he has repeatedly challenged at trial.

    C.    <u>GX705T, 707T</u>

In GX705T, Anthony Russo was consensually recorded by a cooperating witness discussing how he and the defendant were supposed to get inducted into the Colombo family prior to their 2000 arrest, but the defendant turned down the opportunity, which angered Alphonse Persico. He also instructed the cooperating witness that his loyalty in the Colombo family was only to Persico, Jr. At trial, defense counsel has specifically called into question Russo's relationship with Persico, Jr., in relation to the Scopo murder, by cross-examining Russo about his testimony that the order to kill Scopo came from Persico, Jr., who defense

counsel insinuated did not have enough influence in the Colombo family to give such an order. (T 675-76, 684).

In GX707T, Anthony Russo was consensually recorded by a cooperating witness discussing how he and the defendant carried out the Scopo murder. Russo told the cooperating witness, "[BF] was in the car behind me." At trial, the defendant repeatedly cross-examined Russo about the defendant's participation in the murder, including whether the defendant was actually in a back up car at the Scopo murder and whether the defendant participated in the murder at all. (T 762).

The government respectfully submits that both of these recordings should be admitted as prior consistent statements of a witness pursuant to Rule 801(d)(1)(B), in order to rebut defense counsel's claim of recent fabrication. At the time Russo made these statements he was not yet cooperating with the government and they should be admitted to rebut defense counsel's repeated suggestion that Russo's testimony on these subjects was fabricated to curry favor with the government.

III. Conclusion

For the reasons set forth above, the government respectfully submits that the recordings discussed herein should be admissible in evidence at trial.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: /s/
Nicole M. Argentieri
Rachel M. Nash
Allon Lifshitz
Assistant U.S. Attorneys

cc: Defense Counsel (by ECF)

3