

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

NMA/RJN/AL                          *271 Cadman Plaza East*
F.#2009R00195                       *Brooklyn, New York  11201*


June 26, 2012

By ECF and Hand Delivery

The Honorable Sandra L. Townes
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

          Re:  United States v. Francis Guerra
               Criminal Docket No. 10-147 (S-4)(SLT)

Dear Judge Townes:

          The government respectfully submits this response in
opposition to the defendant's motion to admit his own hearsay
statements.  For the reasons set forth below, the defendant's
hearsay statements are not admissible under the residual
exception to the hearsay rule or the rule of completeness, and
should not be admitted.

                          BACKGROUND

          On June 21, 2012, the government called cooperating
witness Reynold Maragni to testify in the above-captioned trial.
Maragni testified, <u>inter</u> <u>alia</u>, that he was with the defendant in
2010 immediately before and after the defendant and two co-
conspirators extorted Gene Lombardo based on the defendant's
suspicion that Lombardo had stolen a recipe for pizza sauce from
a pizzeria owned by the defendant's in-laws.  (Trial Transcript
("Tr.") at 1624:15-1628:20.)

          In addition, Maragni testified that after he was
arrested in 2011 and subsequently released on bail, he agreed to
wear a recording device, and that he then in fact made recordings
of members and associates of organized crime.  (<u>Id.</u> at 1630:9-
1631:20.)  Maragni further testified that he recorded the
defendant.  (<u>Id.</u> at 1638:16-18.)

The government then played a recording that Maragni made of the defendant, which was admitted into evidence as Government Exhibit 4000, and offered as an aid to the jury a transcript of that recording, which was marked for identification as Government Exhibit 4000T.  (Id. at 1638:23-1642:10.)  Those exhibits are attached hereto as Exhibits A and B, respectively.

The recording introduced as Government Exhibit 4000, which was a portion of the full recording that Maragni made of the defendant on April 18, 2011, consisted of the following conversation:

GUERRA:   Did he get hit with [UI] that guy Gene?

MARAGNI:  Who Gene?

GUERRA:   Uh--

MARAGNI:  Lombardo?

GUERRA:   Yeah.

MARAGNI:  No, but they brought, they, I think they brought
          something like that up.  That's like a--

GUERRA:   Yeah, they're trying to do that, but that's,
          that's, nothin' [UI].

MARAGNI:  Well, I, I don't know if that's one of the charges
          of the extortion, with Benji, but it very well
          might be by the time Anthony's done.

GUERRA:   Right.

MARAGNI:  That youse--

GUERRA:   They're gonna fuckin' lie.

MARAGNI:  That youse went there and extorted this guy.

GUERRA:   But we didn't.

MARAGNI:  I, I'm not saying--

GUERRA:   That was a personal fuckin'--.

MARAGNI:  Yeah.

GUERRA:      You know?  But he--

MARAGNI:   I don't know what they're gonna turn him into,
           Frankie, I don't, I don't.

GUERRA:      [UI] it's not on tape, so no, nothing ever ha--
           you know.

MARAGNI:   Okay.  Listen.  You got everything covered, then
           leave it alone.

GUERRA:      I can't believe that [UI].

          The defendant did not object to the introduction of
this portion of the recording into evidence, and the Court
received it into evidence.  (Id. at 1639:12-20.)  However, after
Maragni testified, the defendant moved to admit the entire
recording into evidence pursuant to the "residual exception"
codified in Rule 807 of the Federal Rules of Evidence ("Rule
807").  (Email from Mathew J. Mari, Esq., to Court dated June 25,
2012 ("Def.'s Mot.").)  That entire recording includes the
defendant making the following statements, in substance:

•     Cooperating witness Anthony Russo lied when he implicated
      the defendant in the murder of Joseph Scopo (16:15-16:56;
      21:55-26:00);

•     The last time the defendant did something illegal was 1997,
      before his last arrest, and he has not done anything illegal
      since he completed serving his sentence (16:56-17:42);

•     The defendant told Anthony Russo that he did not want to be
      bothered with illegal activity (18:30-19:20);

•     Anthony Russo was involved with cocaine (28:00-28:40);

•     Anthony Russo lost his mind and used drugs (35:25-36:00);
      and

•     Anthony Russo is providing "bullshit" (38:50-39:00).

In addition, before Maragni was called, the defendant indicated
that he may seek to invoke the rule of completeness in order to
introduce portions of the recording.  (Id. at 1570:19-21.)

<u>DISCUSSION</u>

The defendant should be precluded from introducing his own hearsay statements through the recording.  He cannot invoke Rule 807 because his own hearsay statements are simply not reliable.  He cannot invoke the rule of completeness because the recording does not explain the admitted portion, place it in context, or avoid misleading the trier of fact.

I.   <u>The Residual Exception Does Not Apply</u>

A.   <u>Legal Standard</u>

The defendant seeks to introduce the recording under the "residual exception" to the hearsay rule.  (Def.'s Mot.)  The Federal Rules of Evidence define that exception as follows:

> Under the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804:
>
> (1) the statement has equivalent circumstantial guarantees of trustworthiness;
>
> (2) it is offered as evidence of a material fact;
>
> (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
>
> (4) admitting it will best serve the purposes of these rules and the interests of justice.

Fed. R. Evid. 807.

The Supreme Court as held that Rule 807 applies only to statements "that are better than other evidence otherwise available."  <u>Tome v. United States</u>, 513 U.S. 130, 166 (1995). The Second Circuit has observed that "Congress intended that the residual hearsay exceptions will be used very rarely, and only in exceptional circumstances."  <u>Parsons v. Honeywell, Inc.</u>, 929 F.2d 901, 907 (2d Cir. 1991) (citation and quotation marks omitted).

B.      Application

The defendant cannot satisfy requirements of Rule 807.

As an initial matter, the defendant is wrong to argue that the portion of the recording introduced by the government as Government Exhibit 4000 was "taken out of context."  (Def.'s Mot.)  As the Court observed, Government Exhibit 4000 consists of a conversation about the extortion of Gene Lombardo.  That extortion was not discussed elsewhere on the recording.  Instead, the other portions of the recording consist of the defendant making false exculpatory statements about the murder of Joseph Scopo and disparaging comments about Anthony Russo, who he knew at the time he made those statements was cooperating with the government.

Furthermore, and contrary to the defendant's arguments, the defendant cannot show that the recording "has equivalent circumstantial guarantees of trustworthiness" to the hearsay exceptions set forth in Federal Rules of Evidence 803 and 804, as is required by Rule 807.  When the recording was made, Maragni had recently been released on bail after the government had earlier successfully gotten him detained as a danger to the community, following a protracted series of detention hearings.  (See United States v. Maragni, 11 CR 30 (KAM), Docket Entry Nos. 150, 151, 210, 227, 245, 308, 339, 345 & 350; Docket Entries dated March 30, 2011 & April 7, 2011.)  Therefore, when the defendant made statements to Maragni, he was aware, based on Maragni's sudden release, that Maragni may have been a cooperating witness.  In addition, as the portion of the conversation admitted by the government makes clear, at the time the recording was made, it was well known that Anthony Russo, who had been arrested with Maragni, was a cooperating witness, which explains why the defendant made negative comments about Russo on this recording.  Therefore, the defendant's false exculpatory statements and his disparaging comments about Russo cannot be deemed to have equivalent circumstantial guarantees of trustworthiness as business records, Fed. R. Evid. 803(6), statements made for medical diagnosis, Fed. R. Evid. 803(4), or other well established hearsay exceptions codified in Rules 803 and 804.

In addition, the defendant cannot show that the recording is "more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts."  Significantly, the Second Circuit has held that this requirement is not met if the declarant is able to testify in person.  Parsons, 929, F.2d at 907-08.  Because the

recording consists of a conversation between Maragni, who just testified in person, and the defendant, who is available to testify in person, it is clear that this requirement cannot be met, particularly in light of the Supreme Court's holding that Rule 807 applies only to statements "that are better than other evidence otherwise available."  Tome, 513 U.S. at 166; see also McGrory v. City of New York, No. 99 CV 4062 (LTS), 2002 WL 31388713, at *1 (S.D.N.Y. Oct. 22, 2002) (evidence offered under the residual exception should be precluded when the proponent "has made no showing that there are no other witnesses available to testify, at trial or deposition, to the events in question" (citing Council Commerce v. Sterling Navigation, 444 F. Supp. 1043, 1046 (2nd Cir. 1977))).

Finally, the defendant cannot show that admitting the recording "will best serve the purposes of [the Federal Rules of Evidence] and the interests of justice."  Because Maragni has already testified and been cross-examined, because the defendant is available to testify, and because the circumstances surrounding the recording make it likely that the defendant was on guard about Maragni and motivated to disparage Russo, admitting the entire recording would subvert rather than serve the purposes of the Rules of Evidence and the interests of justice.

II.  The Rule of Completeness Does Not Apply

    A.  Legal Standard

It is well established that a defendant's own statements, as offered by him, are hearsay.  "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Fed. R. Ev. 801(c).  "Hearsay is not admissible except as provided by [the Federal Rules of Evidence] or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress."  Fed. R. Ev. 802. Therefore, a defendant is generally prohibited from introducing his own out-of-court, exculpatory statements at trial.  United States v. Marin, 669 F.2d 73, 84 (2d Cir. 1982) ("When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible.").

The government, however, may introduce a defendant's statements, because when introduced by the government, the statements are not considered hearsay at all.  More specifically, under the Federal Rules of Evidence, a statement is not hearsay

if it is "offered against a party and is [] the party's own statement."  Fed. R. Evid. 801(d)(2)(A).

In some instances, pursuant to the "rule of completeness," the government's decision to introduce the defendant's out-of-court statements will open the door to the defendant introducing some of his own such statements.  In particular, Rule 106 of the Federal Rules of Evidence ("Rule 106") provides that "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part -- or any other writing or recorded statement -- that in fairness ought to be considered at the same time."  The Second Circuit has explained the contours of Rule 106 as follows:

> We have interpreted this Rule to require that a statement be admitted in its entirety when this is necessary to explain the admitted portion, to place it in context, or to avoid misleading the trier of fact, or to ensure a fair and impartial understanding of the admitted portion.

Marin, 669 F.2d at 84 (citations and quotation marks omitted). Put another way, "[t]he completeness doctrine does not [] require introduction of portions of a statement that are neither explanatory of nor relevant to the admitted passages."  Id.  As another district court in the Second Circuit has explained, permitting a defendant to introduce his own hearsay statements would place his exculpatory statements before the jury without subjecting himself to cross-examination -- precisely what the hearsay rule forbids.  United States v. Harper, No. 05-CR-6068L, 2006 WL 1520209, at *1 (W.D.N.Y. May 30, 2009) (citing United States v. Ortega, 203 F.3d 675, 682 (9th Cir. 2000) (quoting United States v. Fernandez, 839 F.2d 639, 640 (9th Cir. 1989))).

In United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999), the Second Circuit rejected a defendant's argument that his self-serving statement should be admitted because it followed an inculpatory admission.  The district court had admitted a ninety-second portion of a forty-five-minute tape in which the witness warned the defendant that his scheme amounted to extortion.  When the defendant moved to introduce other parts of that same tape, the district court rejected the defendant's efforts because the statements the defendant sought to admit were self-serving hearsay and not otherwise admissible.  In affirming the district court, the Second Circuit found that the doctrine of completeness did not "require the admission of portions of a statement that are neither explanatory of nor relevant to the

7

admitted passages," and noted that "the portions of the tape proffered by [the defendant] consisted largely of [his] own self-serving statements, which, as offered by him, are inadmissible hearsay."  Jackson at 73; see also United States v. Mahaffy, No. 05-CR-613 (S-3) (ILG), 2007 WL 1094153, at *2 (E.D.N.Y. April 10, 2007) ("Rule 106 does not require the admission of portions of a statement that are neither explanatory nor relevant to the admitted passages.  A court may also exclude any portion that consists largely of a defendant's own self-serving statements, which, as offered by him, are inadmissible hearsay.") (citations and quotation marks omitted) (Glasser, J.).

B.    Application

No statement in the recording is admissible under the rule of completeness.

As an initial matter, in all cases "[t]he burden of establishing admissibility, of course, is with the proponent of the evidence."  Evans v. Port Authority of New York and New Jersey, 192 F. Supp. 2d 247, 263 n.121 (S.D.N.Y. 2002).  That rule applies with equal force when a statement is offered pursuant to the rule of completeness.  United States v. Price, 516 F.3d 597, 604 (7th Cir. 2008) ("As the party seeking to admit the additional evidence, Price must establish both that the evidence is relevant to the issues in the case and that it clarifies or explains the portion offered by the government.").  Although the defendant seeks to admit the entire recording, he has not indicated what portion or portions of the recording he believes satisfy the rule of completeness, and therefore his motion should be denied to the extent that it relies on that rule.

The recording that the government introduced into evidence is a self-contained portion of the complete recording.  The complete recording was marked for identification as Defendant's Exhibit O and is attached hereto as Exhibit C to this letter.  It includes a twenty-five minute conversation, beginning at 14:20, between the defendant and Maragni.  The portion admitted into evidence as Government Exhibit 4000 is a fifty-five second portion of that conversation, beginning at 33:00.

As noted above, in addition to the portion introduced by the government, the complete recording includes the defendant making false exculpatory statements regarding the Scopo murder and disparaging comments about Anthony Russo, who was already known to be a cooperating witness.  These statements do not in

any way "explain the admitted portion, [] place it in context, or [] avoid misleading the trier of fact," nor do they "ensure a fair and impartial understanding of the admitted portion." Marin, 669 F.2d at 84.  Because "[t]he completeness doctrine does not [] require introduction of portions of a statement that are neither explanatory of nor relevant to the admitted passages," id., there is no basis for admitting these hearsay statements.

CONCLUSION

For the foregoing reasons, the government respectfully requests that the defendant be precluded from introducing his own hearsay statements, as recorded by Maragni, whether offered pursuant to the residual exception codified in Rule 807 or the rule of completeness codified at Rule 106.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:  _____/s/_____
Nicole M. Argentieri
Rachel J. Nash
Allon Lifshitz
Assistant U.S. Attorneys
(718)254-6232/6072/6164

cc:  Defense counsel (by ECF and email)